Kun Zhao
Henry T Chou
HILL WALLACK LLP
202 Carnegie Center
Princeton, New Jersey 08543
(609) 924-0808
kzhao@hillwallack.com
Attorneys for Plaintiff
Tsann Kuen (Zhangzhou) Enterprise Co., Ltd.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| Tsann Kuen (Zhangzhou) Enterprise Co., Ltd., | |
|---|---|
| Plaintiff, | **CIVIL ACTION NO.** |
| vs. | **DOCUMENT ELECTRONICALLY FILED** |
| Alan J. Sutton, Michael C. Yeung and Jessica Falasca, d/b/a "Interactive Group Limited," | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff Tsann Kuen (Zhangzhou) Enterprise Co., Ltd., by way of Complaint against Defendants Alan J. Sutton, Michael C. Yeung and Jessica Falasca " (collectively referred to as "Defendants"), d/b/a "Interactive Group Limited," states:

### THE PARTIES

1. At all times herein relevant, plaintiff Tsann Kuen (Zhangzhou) Enterprise Co., Ltd. ("Tsann Kuen"), was and is a corporation organized and existing under the laws, regulations, and ordinances of the People's Republic of China, with its principal place of business located at Tsann Kuen Industrial Park, Taiwanese Investment Zone, Zhang Zhou City, Fujian Province, China.

2. At all times herein relevant, defendant Alan J. Sutton was and is an individual residing at 1 Carly Court, Voorhees, New Jersey 08043.

3. At all times herein relevant, defendant Michael C. Yeung was and is an individual residing at 1 Carly Court, Voorhees, New Jersey 08043.

4. At all times herein relevant, defendant Jessica Falasca was and is an individual residing at 809 W 3rd Ave., Runnemede, New Jersey 08078.

5. At all times herein relevant, Defendants Alan J. Sutton, Michael C. Yeung and Jessica Falasca were and are acting together and doing business as "Interactive Group Limited."

6. At all times herein relevant, "Interactive Group Limited" was and is a nonexistent entity and has never been incorporated in any jurisdiction.

## JURISDICTION AND VENUE

7. The Court has jurisdiction over the claims in the action pursuant to 28 U.S.C. § 1332 (a). The amount in controversy exceeds $75,000 exclusive of interest and costs.

8. This Court has personal jurisdiction over the Defendants because all Defendants reside in the State of New Jersey and this District.

9. Venue is appropriate in this District pursuant to 28 U.S.C. §1391(b) and (c) because all Defendants reside in the State of New Jersey and this District.

## FACTS

10. Plaintiff Tsann Kuen is engaged in the manufacture and sale of small household electrical appliances, such as household helper appliances, gourmet cooking appliances, as well as tea and coffee appliances.

11. Defendants Alan J. Sutton, Michael C. Yeung and Jessica Falasca were and are in the international trade business, buying and selling household electrical appliances.

12. Defendants Alan J. Sutton, Michael C. Yeung and Jessica Falasca were and are doing business together as a group for a common interest in the name of "Interactive Group Limited," with the principal business address at 36/F, Tower Two, Times Square, 1 Matheson Street, Causeway Bay, Hong Kong, China.

13. Defendants Alan J. Sutton, Michael C. Yeung and Jessica Falasca, in the name of "Interactive Group Limited," started to act together for the common business interest to do business with Plaintiff Tsann Kuen in or about February 2011.

14. "Interactive Group Limited" is the only name that all Defendants used throughout their business relationship with Plaintiff Tsann Kuen.

15. "Interactive Group Limited" together with its Hong Kong address appeared to be a Hong Kong company, but in fact, "Interactive Group Limited" is a nonexistent entity and has never been legally registered and incorporated under the laws, regulations and ordinances of Hong Kong, China.

16. Upon information and belief, "Interactive Group Limited" was and is a nonexistent entity and has never been incorporated in any jurisdiction.

17. All Defendants knew or should have known that "Interactive Group Limited" has never been legally registered and incorporated, and was and is a nonexistent entity.

3

18. All Defendants acted as agents of "Interactive Group Limited" throughout their business relationship with Plaintiff Tsann Kuen.

19. Plaintiff Tsann Kuen had no knowledge and had no reason to believe that "Interactive Group Limited" was a nonexistent entity when dealing with "Interactive Group Limited" and all Defendants.

20. Plaintiff Tsann Kuen reasonably believed that "Interactive Group Limited" was a Hong Kong company registered and incorporated under the laws, regulations and ordinances of Hong Kong, China.

21. Starting from February 2011, all Defendants, in the name of "Interactive Group Limited," acted together as agents of "Interactive Group Limited" to do business with Plaintiff Tsann Kuen.

22. Defendants Alan J. Sutton, Michael C. Yeung and Jessica Falasca, in the name of "Interactive Group Limited," started to order electronic appliances from Plaintiff Tsann Kuen in or about May 2011.

23. From May 2011 to November 2011, all Defendants, acting together in the name of "Interactive Group Limited," placed several orders with Plaintiff Tsann Kuen to purchase towel warmers.

24. The total contract price for the purchases is $925,472.42.

25. The payment term is by wire transfer within 30 days after shipment.

26. After receiving the purchase orders from the Defendants in the name of "Interactive Group Limited," Plaintiff Tsann Kuen shipped and delivered the ordered goods to Defendants' designated customers accordingly and promptly.

27. Defendants' designated customers received and accepted the goods shipped by Plaintiff Tsann Kuen.

28. Defendants, in the name of "Interactive Group Limited," paid Plaintiff Tsann Kuen $378,888.50 with the balance of $546,583.92 outstanding.

29. Defendants failed to pay the remaining balance of $546,583.92 for the goods shipped from May 2011 to November 2011.

30. After Plaintiff Tsann Kuen's continuous demands for payment, all Defendants refuse to pay the remaining balance in the amount of $546,583.92.

## COUNT ONE

### (Breach of Contract)

31. Plaintiff Tsann Kuen repeats each and every allegation as set forth above and incorporates the same by reference as if set forth more fully at length herein.

32. All Defendants acted together as agents of "Interactive Group Limited" when doing with Plaintiff Tsann Kuen.

33. As "Interactive Group Limited" was and is a nonexistent entity and Defendants knew and should have known such fact, all Defendants become parties to the contracts made in the name of "Interactive Group Limited" with Plaintiff Tsann Kuen.

5

34. All Defendants have failed to pay the remaining balance of the contract price in the total amount of $546,583.92.

35. Said failure to pay constitutes a breach of contract.

36. As a direct result of Defendants' actions, all Defendants breached the contracts with Plaintiff Tsann Kuen causing Plaintiff Tsann Kuen to suffer substantial loss.

WHEREFORE, Plaintiff Tsann Kuen demands judgment against all Defendants jointly and severally for:

    a. monetary damages in the amount of $546,583.92 plus interest thereon or the amount to be determined at trial;

    b. costs and attorneys' fees; and

    c. any such other relief as the Court deems just and equitable.

## COUNT TWO

### (Breach of Covenant of Good Faith and Fair Dealing)

37. Plaintiff Tsann Kuen repeats each and every allegation as set forth above and incorporates the same by reference as if set forth more fully at length herein.

38. Defendants' conduct, which resulted in the breach of contract, constitutes a breach of the covenant of good faith and fair dealing between the parties which is inherent in every contract.

WHEREFORE Plaintiff Tsann Kuen demands judgment against all Defendants jointly and severally for:

      a.      monetary damages in the amount of $546,583.92 plus interest thereon or the amount to be determined at trial;

      b.      costs and attorneys' fees; and

      c.      any such other relief as the Court deems just and equitable.

## **COUNT THREE**

### **(Unjust Enrichment)**

39. Plaintiff Tsann Kuen repeats each and every allegation as set forth above and incorporates the same by reference as if set forth more fully at length herein.

40. From May 2011 to November 2011, Plaintiff Tsann Kuen shipped and delivered goods to Defendants' designated customers in total value of $925,472.42.

41. Plaintiff Tsann Kuen shipped and delivered the goods with the expectation that Plaintiff Tsann Kuen should be compensated by "Interactive Group Limited" and all Defendants.

42. Defendants, in the name of "Interactive Group Limited," only compensated Plaintiff Tsann Kuen in the amount of $378,888.50.

43. Despite Plaintiff Tsann Kuen's repeated demands for payment, all Defendants refuse and fail to pay the remaining balance of $546,583.92 to Plaintiff Tsann Kuen.

44. All Defendants are unjustly enriched by making Plaintiff Tsann Kuen ship and deliver the goods to their customers without compensating Plaintiff Tsann Kuen in full.

WHEREFORE, Plaintiff Tsann Kuen demands judgment against all Defendants jointly and severally for:

    a. monetary damages in the amount of $546,583.92 plus interest thereof or the amount to be determined at trial;

    b. costs and attorneys' fees; and

    c. any such other relief as the Court deems just and equitable.

## COUNT FOUR

### (Fraud)

45. Plaintiff Tsann Kuen repeats each and every allegation as set forth above and incorporates the same by reference as if set forth more fully at length herein.

46. In or about February 2011 and thereafter throughout the business relationship with Plaintiff Tsann Kuen, Defendants, through e-mail communications, purchasing and payment documents and business cards, represented to Plaintiff Tsann Kuen that they were officers and agents of the company "Interactive Group Limited" with its principal business place in Hong Kong, China.

47. All Defendants intended that Plaintiff Tsann Kuen would rely on their representation and do business with "Interactive Group Limited" as a Hong Kong company.

48. "Interactive Group Limited" was and is in fact a nonexistent entity and has never existed as a legal entity.

49. Defendants knew or should have known that "Interactive Group Limited" was and is in fact a nonexistent entity and has never been legally registered and incorporated.

50. Plaintiff Tsann Kuen relied on Defendants' representation and believed that "Interactive Group Limited" was a Hong Kong company legally organized under the laws, regulations, and ordinance of Hong Kong, China.

51. Upon the reliance and belief, Plaintiff Tsann Kuen did business with "Interactive Group Limited" and shipped and delivered goods ordered by Defendants in the name of "Interactive Group Limited" in total value of $925,472.42.

52. Defendants, in the name of "Interactive Group Limited," only paid $378,888.50 with a remaining balance of $546,583.92 unpaid.

53. As a result, Plaintiff Tsann Kuen suffered damages in the amount of $546,583.92 plus interest thereon.

WHEREFORE, Plaintiff Tsann Kuen demands judgment against all Defendants jointly and severally for:

    a. monetary damages in the amount of $546,583.92 plus interest thereon or the amount to be determined at trial;

    b. costs and attorneys' fees; and

    c. any such other relief as the Court deems just and equitable.

9

## **COUNT FIVE**

### (Negligent Misrepresentation)

54. Plaintiff Tsann Kuen repeats each and every allegation as set forth above and incorporates the same by reference as if set forth more fully at length herein.

55. All Defendants had a duty to accurately state facts about the corporate status of "Interactive Group Limited" when doing business with Plaintiff Tsann Kuen.

56. Defendants negligently represented to Plaintiff Tsann Kuen that they were officers and agents of the company "Interactive Group Limited" with its principal business place in Hong Kong, China and intended that Plaintiff Tsann would rely on their representation and would do business with "Interactive Group Limited" as a Hong Kong company.

57. "Interactive Group Limited" was and is in fact a nonexistent entity and has never been properly and legally registered or incorporated in Hong Kong, China.

58. Defendants knew or should have known that "Interactive Group Limited" was and is in fact a nonexistent entity and was never legally registered or incorporated.

59. Plaintiff Tsann Kuen relied on Defendants' representation and believed that "Interactive Group Limited" was a Hong Kong company legally organized under the laws, regulations, and ordinances of Hong Kong, China.

60. Upon the reliance and belief, Plaintiff Tsann Kuen did business with "Interactive Group Limited" and shipped and delivered goods ordered by Defendants in the name of "Interactive Group Limited" in total value of $925,472.42.

61. All Defendants failed to pay for the goods shipped and delivered by Plaintiff Tsann Kuen in full with a remaining balance of $546,583.92 unpaid.

62. As a result, Plaintiff Tsann Kuen suffered damages in the amount of $546,583.92 plus interest thereon.

WHEREFORE, Plaintiff Tsann Kuen demands judgment against all Defendants jointly and severally for:

    a.    monetary damages in the amount of $546,583.92 plus interest thereon or the amount to be determined at trial;

    b.    costs and attorneys' fees; and

    c.    any such other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff Tsann Kuen hereby demands a trial by jury on all issues triable by jury.

Respectfully submitted,

HILL WALLACK LLP

By:   s/ Kun Zhao
       Kun Zhao
202 Carnegie Center
Princeton, New Jersey 08543
(609) 924-0808
Attorneys for Plaintiff
Tsann Kuen (Zhangzhou) Enterprise Co., Ltd.

Dated: July 16, 2011

11

## LOCAL CIVIL RULE 11.2 CERTIFICATION

The undersigned hereby certifies at the time of filing this complaint that upon information and belief the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

                                             _s/ Kun Zhao_____
                                                   Kun Zhao

Dated: July 16, 2012