[Dkt. Ents. 9, 12]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| TSANN KUEN (ZHANGZHOU) ENTERPRISE CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> ALAN J. SUTTON, MICHAEL C. YEUNG, JESSICA FALASCA, d/b/a INTERACTIVE GROUP LIMITED, <br><br> Defendants. | Civil No. 12-4471 (RMB/AMD) <br><br> **ORDER** |

  THIS MATTER having come before the Court upon two motions: a motion to dismiss filed by the defendants Alan J. Sutton, Michael C. Yeung, and Jessica Falasca (collectively, the "Defendants") [Dkt. Ent. 9] and a motion to amend the Complaint by plaintiff Tsann Kuen (Zhangzhou) Enterprise Co., Ltd. ("Plaintiff") [Dkt. Ent. 12]; and

  THE COURT noting that Plaintiff sued the Defendants individually for breach of contract and related claims on the grounds that they "acted together as agents of Interactive Group Limited", a nonexistent entity (Compl. ¶ 21); and

  THE COURT noting that as the basis for their motion to dismiss, Defendants argue that because Plaintiff's claims arose out of its contract with Defendants' employer, "Interactive Group

Limited", a Malaysian company, and not with the Defendants individually, they are therefore not proper parties to this action; and

THE COURT noting that in support of their motion, Defendants submitted affidavits from each of the Defendants as well as two letters (a certificate of good standing and letter of non-tax liability, see Sutton Decl. Exs. B & C, Dkt. Ent. 9-2), which support Defendants' representation that "Interactive Group Limited" is a Malaysian company with its headquarters in Hong Kong; and

THE COURT noting that Plaintiff filed an opposition and motion to amend the Complaint [Dkt. Ent. 12], in which it acknowledged that it had previously believed "Interactive Group Limited" was a nonexistent entity because it appeared to be incorporated in Hong Kong (given its Hong Kong address), but Plaintiff's search of the corporate registration records revealed that it was not incorporated in Hong Kong or registered to do business as a foreign company there; and

THE COURT further noting that in its opposition brief, Plaintiff questioned whether the proper defendant in this action actually is the Malaysian company known as "Interactive Group Limited", as the Defendants claim, given that: (1) in their dealings with Plaintiff, Defendants never disclosed that their company was incorporated in Labuan, Malaysia, in violation of

2

Hong Kong law; (2) Defendants have also incorporated an entity known as "Interactive Group Limited Liability Company" in the state of New Jersey, (Pl.'s Opp. Br. 8); (3) "Interactive Group Limited" is currently being sued in an unrelated matter as a Hong Kong corporation with its principal place of business in Hong Kong (see Zhao Decl. Ex. C (citing Complaint in QVC, Inc. v. Interactive Group Limited, Civ. No. 12-1761 (E.D. Pa.)); and (4) in their dealings with Plaintiff, Defendants also indicated that they were acting as agents of "Cyber Clean Americas", an entity whose place of incorporation is unknown to Plaintiff; and

    THE COURT noting that Plaintiff indicates that it needs a reasonable opportunity to conduct discovery to determine who the proper defendants are, since all documents and information relating to Defendants' business operations and the organizational structures of the companies incorporated by them are in Defendants' possession (Pl.'s Opp. Br. 8); and

    THE COURT further noting that Plaintiff also seeks to amend the Complaint in light of the "new factual information" Defendants disclosed in their motion to dismiss (Pl.'s Opp. Br. 3); and

    THE COURT noting that if Plaintiff amends the Complaint to add a foreign defendant, this would strip the Court of its federal subject matter jurisdiction, see 28 U.S.C. § 1332(a); 13E Charles Alan Wright & Arthur R. Miller, et al., Fed. Prac. &

Proc. § 3604 n.10 (3d ed. 2012); and

    THE COURT further noting that jurisdictional discovery appears warranted under these circumstances, so that Plaintiff may investigate who the proper defendants are and amend the Complaint accordingly, and this Court may then assess the propriety of its subject matter jurisdiction over this action; and

    THE COURT finally noting that Defendants' motion to dismiss and Plaintiff's motion to amend the Complaint are therefore rendered moot;

    FOR THESE REASONS, it is on this **4th** day of **October 2012**, hereby

    **ORDERED** that Defendants' motion to dismiss [Dkt. Ent. 9] and Plaintiff's motion to amend the Complaint [Dkt. Ent. 12] are **dismissed without prejudice as moot**; and it is further

    **ORDERED** that the parties shall appear before United States Magistrate Judge Ann Marie Donio on **October 15, 2012, at 11:00 am** in Courtroom 3B, U.S. District Court, 4th & Cooper Streets, Camden, New Jersey**,** for a conference at which the Court will address jurisdictional discovery.

                                               s/Renée Marie Bumb
                                               RENÉE MARIE BUMB
                                               UNITED STATES DISTRICT JUDGE