UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TSANN KUEN (ZHANGZHOU) ENTERPRISE CO., LTD. , | |
| Plaintiff, | Civ. No.: 12-cv-4471 (RMB) (AMD) |
| - against - | Judge: Hon. Renée Marie Bumb |
| ALAN J. SUTTON, MICHAEL C. YEUNG, JESSICA FALASCA, d/b/a "INTERACTIVE GROUP LIMITED," | Returnable June 17, 2013 |
| Defendants. | |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO STRIKE DEFENDANTS' ANSWER AND TO ENTER DEFAULT UPON DEFENDANTS**

Kun Zhao, Esquire
Hill Wallack LLP
202 Carnegie Center
Princeton, New Jersey 08534
(609) 734 6328

# **TABLE OF CONTENTS**

                                                                                                                                     **Page**

PRELIMINARY STATEMENT……………………………………………………………1

STATEMENT OF FACTS……………………………………………………………….1

ARGUMENT……………………………………………………………………………..5

    A. THE POULIS SIX-FACTOR ANALYSIS………………………………………6

        a. Defendants Should Bear Personal Responsibility for Their
           Inadequate Conduct of This Litigation…………………......................................6

        b. Defendants' Failure to Cooperate Has Impeded Plaintiff's
           Ability to Effectively Prepare A Full and Complete Trial
           Strategy……………………………………………………………………………6

        c. Defendants Have Repeatedly Ignored Court-Ordered Deadlines…………………7

        d. The Conduct of Defendants Was Willful And In Bad Faith………………………7

        e. Alternative Solutions Are Likely To Be Ineffective When
           Defendants Refuse To Comply with Court Orders………………………………..8

        f. Defendants Have No Merits in Their Defense…………………………………….8

    B. BALANCING THE FACTORS OF THE POULIS TEST SHOULD
       WARRANT GRANTING PLAINTIFF'S MOTION……………………………………..8

    C. DEFENDANTS SHOULD PAY PLAINTIFF REASONABLE
       ATTORNEY'S FEES AND EXPENSES IN CONNECTION
       WITH THIS MOTION……………………………………………………………………9

CONCLUSION………………………………………………………………………...9

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

Poulis v. State Farm & Casualty Co., 747 F.2d 863, 868 (3d Cir.1984)………………………….5

Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir.2003)…………………………………….5

**Federal Statutes**

Fed. R. Civ. P. 16(f) (1) (C)……………………………………………………………………1, 5, 9

Fed. R. Civ. P. 16(f) (2)………………………………………………………………………...1, 5, 9

Fed. R. Civ. P. 37(b) (2) (A)……………………………………………………………………1, 5, 9

Fed. R. Civ. P. 55 (a)……………………………………………………………………………...1, 9

## PRELIMINARY STATEMENT

On July 18, 2012, Plaintiff Tsann Kuen (Zhangzhou) Enterprise Co., Ltd. ("Plaintiff") filed its Complaint against Defendants Alan J. Sutton, Michael C. Yeung and Jessica Falasca ("Defendants"), alleging claims of breach of contract, breach of covenant of good faith and fair dealing, unjust enrichment, fraud, and negligent misrepresentation. Defendants filed an Answer on November 21, 2012.

Defendants have repeatedly failed to comply with the Court's scheduling orders and have failed to respond to Plaintiff' good faith efforts to resolve Defendants' noncompliance in discovery.

On April 12, 2013, the Court entered a scheduling order which directly commands Defendants to provide more responsive answers to Plaintiff's discovery requests by May 13, 2013. However, Defendants have ignored the Court's April 12, 2013 order and have failed to provide any information.

Thus, Plaintiff moves this Court to strike Defendants' Answer pursuant to Fed. R. Civ. P. 16(f) (1) and 37(b) (2) (A) (iii) and (iv) and to enter default upon Defendants pursuant to Fed. R. Civ. P. 55 (a). Plaintiff further moves this Court to order Defendants and their attorney pay reasonable attorney's fees and expenses in connection with this motion pursuant to Fed. R. Civ. P. 16(f) (2).

## STATEMENT OF FACTS

On July 18, 2012, Plaintiff Tsann Kuen (Zhangzhou) Enterprise Co., Ltd. ("Plaintiff") filed its Complaint against Defendants Alan J. Sutton, Michael C. Yeung and Jessica Falasca ("Defendants"), alleging claims of breach of contract, breach of covenant of good faith and fair

dealing, unjust enrichment, fraud and negligent misrepresentation.  See the Certification of Kun Zhao, Esq. ("Zhao Cert.") at 2.

Defendants then filed a motion to dismiss, alleging that Defendants were employees of Interactive Group Limited incorporated in Labuan, Malaysia ("Interactive Labuan") and that they transacted with business with Plaintiff on behalf of Interactive Labuan.  On October 4, 2012, Defendants' motion was dismissed by the Court without prejudice as moot.  See Zhao Cert. at 3.

On November 21, 2012, Defendants filed an Answer alleging that Defendants transacted business with Plaintiff not in their individual capacities but on behalf of a corporate entity, Interactive Labuan.  See Zhao Cert. at 4.

On December 4, 2012, the Court entered a scheduling order, in which the Court ordered, among other things, that (1) the parties shall make Fed. R. Civ. P. 26 (a) disclosures on or before December 11, 2012; (2) initial written discovery requests shall be served by January 15, 2013; and (3) any responses, answers and objections to initial written discovery requests shall be served in accordance with Court Rules.  See Zhao Cert. at 5.

Defendants failed to make Fed. R. Civ. P. 26 (a) disclosures by December 11, 2012.  See Cert. Zhao at 6.

Plaintiff served its discovery requests upon Defendants on January 15, 2013 pursuant to the Court's December 4, 2012 scheduling order.  Defendants failed to respond to Plaintiff's discovery requests by the time limit set forth in the Court's December 4, 2012 scheduling order.  See Zhao Cert. at 7.

On February 21, 2013, Plaintiff addressed Defendants' noncompliance of the Court's scheduling order during a telephone conference with Judge Donio.  After the conference, Judge Donio entered a second scheduling order, in which Defendants were ordered to make Fed. R. Civ.

P. 26 (a) disclosures by March 1, 2013 and to respond to outstanding discovery requests by March 1, 2013.  See Zhao Cert. at 8.

On March 4, 2013, Defendants served their responses to Plaintiff's discovery requests by objecting to almost all of Plaintiff's interrogatories and document requests and producing only 7 pages of documents.  See Zhao Cert. at 9.

March 6, 2013, Plaintiff sent a letter to Defendants addressing the pervasive deficiencies and evasiveness in Defendants' answers to Plaintiff's discovery requests.  In the letter, Plaintiff cited compelling authorities in support of the appropriateness of Plaintiff's discovery requests and set forth the specific deficiencies in each of Defendants' discovery responses.  See Zhao Cert. at 10 and Exhibit A attached thereto.

Plaintiff also stated in the letter that if Plaintiff did not hear from Defendants by March 13, 2013, Plaintiff would assume that parties have reached an impasse.  Defendants failed to respond to Plaintiff's letter.  See Zhao Cert. at 11.

On April 12, 2013, an in-person conference with Judge Donio was held upon Plaintiff's letter application to the Court.  At the conference, it was Plaintiff's position that since Defendants raised a defense alleging that they transacted business with Plaintiff during all relevant periods on behalf of Interactive Labuan, not in their individual capacities, the focus of discovery is to seek information about Defendants' relationship with Interactive Labuan and all information about Interactive Labuan's involvement in the business transacted by Defendants with Plaintiff.  The information requested was relevant to Defendants' defense; thus, the information sought by Plaintiff is well within the scope of discovery.  See Zhao Cert. at 12.

Defendants' attorney, on the record, represented to the Court that Defendants were only a sales team in the U.S. for Interactive Labuan and therefore had no possession or control of documents or information requested by Plaintiff. See Zhao Cert. at 13.

However, Plaintiff's counsel advised the Court that Defendants represented themselves as officers of a business named "Interactive Group Limited" when they transacted business with Plaintiff. See Zhao Cert. at 14. Specifically, Defendant Alan J. Sutton identified himself as the president of "Interactive Group Limited." See the Certification of Chijui Chiu ("Chiu Cert.") at 2, Exhibit A. Defendant Michael C. Yeung identified himself as Vice President of "Interactive Group Limited." See Chiu Cert. at 3, Exhibit B. Defendant Jessica Falasca identified herself as Global Operation Manager of "Interactive Group Limited." See Chiu Cert. at 4, Exhibit C.

Plaintiff's counsel pointed out that if "Interactive Group Limited" was actually Interactive Labuan as Defendants alleged, Defendants have indirectly admitted that they were officers of Interactive Labuan, meaning they have control of the information requested by Plaintiff. See Zhao Cert. at 15.

The Court concurred and ordered Defendants to provide more responsive answers to Plaintiff's discovery requests. See Zhao Cert. at 16.

On April 12, 2013, Judge Donio entered a third scheduling order in which Defendants were ordered to provide more responsive answers to Plaintiff's discovery requests by May 13, 2013. See Zhao Cert. at 17.

Defendants ignored the Court's third scheduling order entered on April 12, 2013 and failed completely to respond. See Zhao Cert. at 18.

Defendants have produced no evidence to demonstrate their relationship with Interactive Labuan. Defendants have produced no evidence that links Interactive Labuan to the business

that Defendants transacted with Plaintiff. Defendants' counsel has only baldy asserted (during the in-person conference with Judge Donio) that Interactive Labuan used the same business name, "Interactive Group Limited," that was used by Defendants when they transacted business with Plaintiff. See Zhao Cert. at 19.

## ARGUMENT

Rules 16 and 37 of the Federal Rules of Civil Procedure authorize a court to sanction a party that fails to comply with a court order. See Fed. R. Civ. P. 16(f) (1) (C). When a party violates such an order, the court may "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)." See Fed. R. Civ. P. 16(f)(1). Accordingly, Rule 37(b) (2) (A) provides that when a party fails to obey a court order or to provide or permit discovery, the court may "(iii) strik[e] pleadings in whole or in part; [or] ... (vi) render[ ] a default judgment against the disobedient party[.]" See Fed. R. Civ. P. 37(b) (2) (A).

The Third Circuit Court of Appeals has identified six factors for courts to evaluate when deciding whether to impose the sanction of dismissal. Poulis v. State Farm & Casualty Co., 747 F.2d 863, 868 (3d Cir.1984). The Poulis factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) whether there has been a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of alternative sanctions; and (6) the meritoriousness of the claim or defense. Id. No particular Poulis factor is controlling; in fact, a court may grant dismissal even when some of the factors are not satisfied. Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir.2003). Thus, the decision whether to dismiss is left to the court's broad discretion. Id. at 221–22.

Rule 16 (f) (2) of Federal Rule of Civil Procedure provides that instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable

expenses-including attorney's fees-incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.  See Fed. R. Civ. P. 16 (f) (2).

### A. THE POULIS SIX-FACTOR ANALYSIS.

#### a. Defendants Should Bear Personal Responsibility for Their Inadequate Conduct of This Litigation.

In the instant matter, Defendants are represented by counsel.  Thus, Defendants received or should have received all of Plaintiff's discovery requests and correspondence.  Defendants knew or should have known of the scheduling orders entered by the Court.

Therefore, Defendants should bear the whole personal responsibility for their inadequate conduct of this litigation and the first Poulis factor weighs in favor of Plaintiff.

#### b. Defendants' Failure to Cooperate Has Impeded Plaintiff's Ability to Effectively Prepare A Full and Complete Trial Strategy.

In the instant matter, Defendants raised the defense that they transacted business on behalf of a corporate entity, not in their individual capacities.  Thus, any information relating to the existence of that corporate entity, Defendants' employment relationship with that corporate entity, and the actual involvement of the corporate entity in the business transacted by Defendants with Plaintiff, is extremely important and necessary to Plaintiff's preparation of the case.

There is evidence indicating that during the period when Defendants transacted with Plaintiff, Defendants were the officers and principals of a business using the name "Interactive Group Limited."  Since Defendants have claimed that the business was actually "Interactive Labuan" and that they were the President, Vice-President and Global Operations Manager of Interactive Labuan, Defendants have indirectly admitted that they were the officers and

principals of Interactive Labuan. Thus, Defendants must have possession, custody and control of all of the above referenced information relating to Interactive Labuan, as requested by Plaintiff.

Defendants are able to provide the above information requested by Plaintiff but have chosen to not to provide such information. Defendants' failure to cooperate has impeded Plaintiff's ability to effectively prepare a full and complete trial strategy, which prejudices Plaintiff's ability to litigate the case.

Therefore, the second Poulis factor also weighs heavily in favor of granting Plaintiff's motion to strike and enter default.

### c. Defendants Have Repeatedly Ignored Court-Ordered Deadlines

There is a history of dilatoriness on the part of Defendants. Defendants failed to comply with the Court's first scheduling order by failing to make Fed. R. Civ. P. 26 (a) disclosures and failing to respond to Plaintiff's discovery requests by the deadline set forth in the order. Defendants failed to comply with the Court's second scheduling order by producing evasive responses and objecting to almost all Plaintiff's discovery requests by asserting unfounded objections. Defendants failed to comply with the Court's third scheduling order by totally ignoring the order.

Defendants have clearly failed to make a good faith effort to resolve discovery issues. Therefore, the third Poulis factor has been satisfied.

### d. The Conduct of Defendants Was Willful And In Bad Faith.

Defendants are represented by counsel. Defendants raised their defense but refused to provide information relating to their defense that is in their possession, custody and control.

In addition, Defendants have repeatedly ignored the Court's scheduling orders and failed to make a good faith effort to resolve their noncompliance. Defendants' conduct and

7

noncompliance with the Court's orders have delayed this matter.

No evidence suggests that Defendants' failure to produce discovery or to comply with the Court orders is a result of neglect, mistake, or inadvertence. Thus, Defendants' willful conduct weighs in favor of striking their Answer.

### e. Alternative Solutions Are Likely To Be Ineffective When Defendants Refuse To Comply with Court Orders.

Defendants have repeatedly ignored the Court's orders, including the Court's last order compelling Defendants to provide discovery responses. Thus, alternative sanctions would not compel Defendants to provide discovery, rendering the fifth Poulis factor in plaintiff's favor.

### f. Defendants Have No Merits in Their Defense.

Defendants' primary defense in this matter is that they transacted business with Plaintiff, not in their individual capacities, but on behalf of a Malaysian company called Interactive Labuan.

Surprisingly, however, Defendants have completely evaded Plaintiff's discovery requests seeking information concerning the relationship between Defendants and Interactive Labuan, Interactive Labuan's business operations, and the Interactive Labuan's involvement in the business transacted by Defendants with Plaintiff.

Defendants have produced no evidence to show their employment with Interactive Labuan and to link Interactive Labuan with the business they transacted with Plaintiff. Defendants cannot produce any evidence to support their own defense.

Thus, this Court should find the sixth Poulis factor in favor of Plaintiff's motion.

## B. BALANCING THE FACTORS OF THE POULIS TEST SHOULD WARRANT GRANTING PLAINTIFF'S MOTION.

Defendants' history of disregard has substantially delayed resolution of this case. Court

orders should not be ignored and flouted. Defendants are personally responsible for the delay they have caused. Defendants have prejudiced Plaintiff by repeatedly and willfully causing delay. There is no alternative sanction that will persuade Defendants to produce discovery. Defendants have refused to produce any evidence to support their own defense. Therefore, all of the Poulis factors favor granting Plaintiff's motion.

### C. DEFENDANTS SHOULD PAY PLAINTIFF REASONABLE ATTORNEY'S FEES AND EXPENSES IN CONNECTION WITH THIS MOTION.

In the instant matter, Defendants have repeatedly ignored the Court's orders. Defendants' noncompliance was willful and cannot be substantially justified. Therefore, the Court should order Defendants pay Plaintiff's reasonable attorney's fees and expenses in connection with this motion.

### CONCLUSION

For all of the foregoing reasons, Plaintiff's motion to strike Defendants' Answer pursuant to Fed. R. Civ. P. 16 (f)(1) and 37 (b) (2) (A) (iii) and (iv) and to enter default upon Defendants pursuant to Fed. R. Civ. P. 55 (a) should be granted.

Pursuant to Fed. R. Civ. P. 16(f) (2), Plaintiff's motion for attorney's fees and expenses in connection with this motion should also be granted.

                                                    Respectfully Submitted,

Dated: May 24, 2013                        Hill Wallack LLP

                                                    /s Kun Zhao
                                                    Kun Zhao

                                                    202 Carnegie Center
                                                    Princeton, New Jersey 08543
                                                    kzhao@hillwallack.com
                                                    Tel:    (609) 732 6328
                                                    Fax:    (609) 458 1888