**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TSANN KUEN (ZHANGZHOU) ENTERPRISE CO., LTD., <br><br>　　　　　Plaintiff, <br><br>　　- against - <br><br> ALAN J. SUTTON, MICHAEL C. YEUNG, JESSICA FALASCA, d/b/a "INTERACTIVE GROUP LIMITED," <br><br>　　　　　Defendants. | Civ. No.: 12-cv-4471 (RMB) (AMD) <br><br> **CERTIFICATION OF KUN ZHAO** |

　　　　I, Kun Zhao, do hereby depose and swear as follows:

　　　　1.　　I am counsel at Hill Wallack LLP, attorneys for Plaintiff Tsann Kuen (Zhangzhou) Enterprise Co., Ltd. ("Plaintiff") in the above referenced matter and make this Certification in support of Plaintiff's motion to strike Defendants' Answer and to enter default upon Defendants. I make this Certification based on my personal knowledge.

　　　　2.　　On July 18, 2012, Plaintiff Tsann Kuen (Zhangzhou) Enterprise Co., Ltd. ("Plaintiff") filed its Complaint against Defendants Alan J. Sutton, Michael C. Yeung and Jessica Falasca ("Defendants"), alleging claims of breach of contract, breach of covenant of good faith and fair dealing, unjust enrichment, fraud and negligent misrepresentation.

　　　　3.　　Defendants then filed a motion to dismiss, alleging that Defendants were employees of Interactive Group Limited incorporated in Labuan, Malaysia ("Interactive Labuan") and that they transacted with business with Plaintiff on behalf of Interactive Labuan. On October 4, 2012, Defendants' motion was dismissed by the Court without prejudice as moot.

4.	On November 21, 2012, Defendants filed an Answer alleging that Defendants transacted business with Plaintiff not in their individual capacities but on behalf of a corporate entity, Interactive Labuan.

5.	On December 4, 2012, the Court entered a scheduling order, in which the Court ordered, among other things, that (1) the parties shall make Fed. R. Civ. P. 26 (a) disclosures on or before December 11, 2012; (2) initial written discovery requests shall be served by January 15, 2013; and (3) any responses, answers and objections to initial written discovery requests shall be served in accordance with Court Rules.

6.	Defendants failed to make Fed. R. Civ. P. 26 (a) disclosures by December 11, 2012.

7.	Plaintiff served its discovery requests upon Defendants on January 15, 2013 pursuant to the Court's December 4, 2012 scheduling order.  Defendants failed to respond to Plaintiff's discovery requests by the time limit set forth in the Court's December 4, 2012 scheduling order.  See Zhao Cert. at 6.

8.	On February 21, 2013, Plaintiff addressed Defendants' noncompliance of the Court's scheduling order during a telephone conference with Judge Donio.  After the conference, Judge Donio entered a second scheduling order, in which Defendants were ordered to make Fed. R. Civ. P. 26 (a) disclosures by March 1, 2013 and to respond to outstanding discovery requests by March 1, 2013.

9.	On March 4, 2013, Defendants served their responses to Plaintiff's discovery requests by objecting to almost all of Plaintiff's interrogatories and document requests and producing only 7 pages of documents.

10. March 6, 2013, Plaintiff sent a letter to Defendants addressing the pervasive deficiencies and evasiveness in Defendants' answers to Plaintiff's discovery requests. In the letter, Plaintiff cited compelling authorities in support of the appropriateness of Plaintiff's discovery requests and set forth the specific deficiencies in each of Defendants' discovery responses. A true copy of the letter to Defendants' counsel is attached hereto as Exhibit A.

11. Plaintiff also stated in the letter that if Plaintiff did not hear from Defendants by March 13, 2013, Plaintiff would assume that parties have reached an impasse. Defendants failed to respond to Plaintiff's letter.

12. On April 12, 2013, an in-person conference with Judge Donio was held upon Plaintiff's letter application to the Court. At the conference, it was Plaintiff's position that since Defendants raised a defense alleging that they transacted business with Plaintiff during all relevant periods on behalf of Interactive Labuan, not in their individual capacities, the focus of discovery is to seek information about Defendants' relationship with Interactive Labuan and all information about Interactive Labuan's involvement in the business transacted by Defendants with Plaintiff. The information requested was relevant to Defendants' defense; thus, the information sought by Plaintiff is well within the scope of discovery.

13. Defendants' attorney, on the record, represented to the Court that Defendants were only a sales team in the U.S. for Interactive Labuan and therefore had no possession or control of documents or information requested by Plaintiff.

14. I advised the Court that Defendants represented themselves as officers of a business named "Interactive Group Limited" when they transacted business with Plaintiff. Specifically, Defendant Alan J. Sutton identified himself as the president of "Interactive Group Limited." Defendant Michael C. Yeung identified himself as Vice President of "Interactive

3

Group Limited." Defendant Jessica Falasca identified herself as Global Operation Manager of "Interactive Group Limited."

15. I pointed out that if "Interactive Group Limited" was actually Interactive Labuan as Defendants alleged, Defendants have indirectly admitted that they were officers of Interactive Labuan, meaning they have control of the information requested by Plaintiff.

16. The Court concurred and ordered Defendants to provide more responsive answers to Plaintiff's discovery requests.

17. On April 12, 2013, Judge Donio entered a third scheduling order in which Defendants were ordered to provide more responsive answers to Plaintiff's discovery requests by May 13, 2013.

18. Defendants ignored the Court's third scheduling order entered on April 12, 2013 and failed completely to respond.

19. Defendants have produced no evidence to demonstrate their relationship with Interactive Labuan. Defendants have produced no evidence that links Interactive Labuan to the business that Defendants transacted with Plaintiff. Defendants' counsel has only baldy asserted (during the in-person conference with Judge Donio) that Interactive Labuan used the same business name, "Interactive Group Limited," that was used by Defendants when they transacted business with Plaintiff.

20. I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 24, 2013

                                                               s/ Kun Zhao
                                                               Kun Zhao, Esq.

**EXHIBIT A**

# HILL WALLACK LLP
## ATTORNEYS AT LAW

202 CARNEGIE CENTER, P.O. BOX 5226, PRINCETON, NJ 08543-5226
TELEPHONE: (609) 924-0808, FAX: (609) 452-1888
WWW.HILLWALLACK.COM

Writer's Direct Dial: (609) 734-6328

March 6, 2013

Andrew R. Bronsnick, Esq.
Massood & Bronsnick, LLC
50 Packanack Lake Road East
Wayne, N.J. 07470-6663

    Re:  Tsann Kuen (Zhangzhou) Enterprise Co., Ltd. v. Alan Sutton, et al., 1:12-cv-4471-RMB-AMD; Deficiency in Responses to Plaintiff's Discovery Demands

Dear Mr. Bronsnick:

    I am writing regarding the pervasive deficiencies and evasiveness in defendants' answers to plaintiff's interrogatories and responses to plaintiff's document requests.

    Pursuant to Federal Rule of Procedure ("Rule") 26 (b)(1), parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.

    In addition, it is well established that a district court may order the production of documents in the possession of a related nonparty entity under Rule 34(a) if those documents are under the custody or control of a party to the litigation. Steele Software Systems, Corp. v. DataQuick Information Systems, Inc., 237 F.R.D. 561, 564 (D. Md. 2006); See also, Soto v. City of Concord, 162 F.R.D. 603, 619 (N. Cal. 1995). "Control," for purposes of district court's authority to order the production, for discovery purposes, of documents in the possession of a related nonparty entity if those documents are under the custody or control of a party to the litigation, means a party's legal right, authority, or practical ability to obtain the materials sought on demand. Steele Software Systems, Corp., 237 F.R.D. at 564.

    Furthermore, objections that state that a discovery request is "vague, overly broad, or unduly burdensome" are, standing alone, meaningless and do not comply with both the Local Rules and Rule 34's requirement that objections contain a statement of reasons. Sallah v. Worldwide Clearing LLC, 855 F.Supp.2d 1364, 1375 (S. D. Fla. 2012). A party objecting on these grounds must explain the specific and particular way in which a request is vague, overly broad, or unduly burdensome. Id. In addition, claims of undue burden should be supported by a statement (generally an affidavit) with specific information demonstrating how the request is overly burdensome. Id. Party asserting objections to interrogatories must show specifically how

March 6, 2013
Page 2

each interrogatory is privileged or vague or overly broad. Coregis Ins. Co. v. Baratta & Fenerty, Ltd., 187 F.R.D. 528, 530 (E. D. Pa. 1999). Party objecting to interrogatory on grounds of undue burden must provide an affidavit or other evidentiary proof of the time or expense involved. Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 666 (D. Kan. 2004).

Finally, an agreement among the parties to wait for responses beyond the 30-day period is not considered a stay or an extension of time for filing objections. Coregis Ins. Co., 187 F.R.D. at 530. Technically, a party waived its right to object discovery requests if the party failed to do so with the 30-day period. See id.

### 1. Materials And Information Sought by Plaintiff Are within the Discovery Scope

In the instant case, defendants alleged in their answer paragraphs 14-17 and 25-26 that they acted on behalf of their corporate employer, Interactive Group Limited (Labuan). Thus, plaintiff is entitled to obtain discovery that is relevant to the legitimacy of Interactive Group Limited (Labuan), the corporate structure of the entity, whether the entity was and is in operation during the relevant period, the employment relationship between defendants and the entity.

Further, upon information and belief, defendants incorporated several other business entities in the name of "Interactive Group Limited" in different jurisdictions. Any information related to those entities is also relevant to prove or disprove defendants' defense or allegation that they actually acted on behalf of Interactive Group Limited (Labuan).

Therefore, the materials and information sought by Plaintiff in interrogatories Nos. 1-25 and document requests 1-70 are within the discovery scope permitted under Fed. R. Civ. P. 26(b)(1).

### 2. Defendants Have "Possession, Custody and Control" of Materials and Information Sought by Plaintiff

Defendants are obligated to produce documents that are in their "possession, custody and control." Defendant Alan Sutton is the president of Interactive Limited Group (Labuan). He, upon information and belief, was and is a principle and officer of other legal entities in the name of "Interactive Group Limited."

Defendant Michael Yeung represented to plaintiff that he is the vice president of "Interactive Group Limited." Defendant Jessica Falasca represented to plaintiff that she is the Global Operations Manager of "Interactive Group Limited."

Thus, Defendants, as principals and officers of "Interactive Group Limited," certainly have legal right and practical ability to obtain materials sought on demand.

Defendants' ability to produce the certificate of good standing of Interactive Group Limited (Labuan) and corporate registration of Interactive Group Limited (Hong Kong) is further evidence that defendants have possession, custody and control of materials sought by plaintiff.

Therefore, defendants have the obligation to produce materials and information relating to "Interactive Group Limited" under Rule 33 and 34.

### 3. Defendants Technically Waived Their Rights to Object and Defendants' Boilerplate Objection of "Vague, Overly Broad and Unduly Burdensome" Has No Merits

Defendants' conclusive objections to discovery requests and interrogatories based on the claim that they are "vague, overly broad, or unduly burdensome" are meaningless and do not comply with Rule 33 and 34's requirement. Therefore, such objections should be deemed waived.

Technically, defendants' objections to plaintiff's interrogatories and document requests are waived due to their failure to raise those objections with the 30-day period under Rule 33 and 34.

### 4. Defendants' Specific Deficiencies in Their Responses to Plaintiff's Discovery

Plaintiff hereby sets forth Defendants' specific deficiencies in their responses to plaintiff's interrogatories and document requests as follows:

#### a. Each Defendant Should Respond to Plaintiff's Interrogatories and Document Requests Separately

Plaintiff has served separate interrogatories and document requests to each defendant. Each defendant is obligated to respond to plaintiff' interrogatories and document requests separately.

#### b. Deficiencies in Defendants' Answers to Plaintiff's Interrogatories

(1) Answer to Interrogatory No. 1: Plaintiff is seeking the name and address of the person who has provided answers to plaintiff's interrogatories. Defendants failed to provide the address of each answering person.

The obligation to provide the address of the answering person has nothing to do with whether the person is the employee of a non-party or not. Therefore, please provide the address of each person identified in the answer accordingly.

(2) Answer to Interrogatory No. 2: Defendants' answer is incomplete. Defendants failed to provide the position and title each defendant has in Interactive Group Limited. Defendant failed to identify "any and all representatives of Interactive Group Limited," including their names and addresses. Also defendants failed to provide the address and contact information of Elsa Lai. Please supplement the answer accordingly.

(3) Answer to Interrogatory No. 3: Defendants' answer is incomplete. Defendants disclosed in their Rule 26 Initial Disclosure that they have "e-mail communications," "documents related to business transactions between Interactive Group Limited and Plaintiff," and corporate documents regarding Interactive Group Limited in position. However, defendants only produced 7

pages of documents. Please produce all relevant documents in defendants' possession, custody and control sought by plaintiff.

(4) Answer to Interrogatory No. 4-5, 7-10 and 15-20: All objections have no merits as set forth above. Defendant alleges that they acted on behalf of Interactive Group Limited (Labuan) in the transactions with Plaintiff. Therefore, all information confirming the legitimacy, structure, ownership, and operation of "Interactive Group Limited" is relevant to the claims and defenses of this action.

In conjunction with the fact that defendants are conducting business wearing several corporate hats, and set up many legal entities in the name of "Interactive Group Limited" in several jurisdictions, defendants' ownership in and relationship with those legal entities are relevant and important to prove or disprove whether defendants in fact acted on behalf of the Interactive Group Limited (Labuan).

(5) Answer to Interrogatory No. 6: Defendants provided a copy of certification of incorporation of a corporation named "Interactive Group Limited" in Hong Kong. The document does not show whether the Interactive Group Limited (Hong Kong) is the branch office of Interactive Group Limited (Labuan), nor does it show the relationship between Interactive Group Limited (Hong Kong) and Interactive Group Limited (Labuan). Please provide the complete answer to the interrogatory accordingly.

(6) Answer to Interrogatory No. 11: Defendants alleged they are employees of Interactive Group Limited (Labuan) and acted on its behalf. The information is relevant to the defendants' defense that they were employees of Interactive Group Limited (Labuan). Please provide the complete answer to this interrogatory accordingly.

(7) Answer to Interrogatory No. 12: The objections have no merits as explained above. The answer is incomplete. Please identify all physical offices that Defendants or employees of "Interactive Group Limited" used to conduct business. If Interactive Group Limited (Labuan) never had a physical office or location to conduct business, please say so.

(8) Answer to Interrogatory No. 13: this answer is not comprehensible. Please provide a complete and detailed answer.

(9) Answer to Interrogatory No. 14: Defendants' answer implies that they did not act on behalf of Interactive Group Limited (Labuan) to transaction business with plaintiff. Please confirm.

c. **Deficiencies in Defendants' Responses to Plaintiff's Document Requests**

(1) Responses to Requests Nos. 3-19 and 21-66: Defendants' objections have no merits with the same reasons fully explained in b (4).

> The materials sought by plaintiff are relevant to defendants' defenses and allegation that they acted on behalf of Interactive Group Limited (Labuan), and narrowly tailored to seek the information about the relationship between defendants and Interactive Group Limited (Labuan), the legitimacy of Interactive Group Limited (Labuan), and the business and actual operation of Interactive Group Limited (Labuan).
>
> The conclusive objection of "vague, overly broad and undue burdensome" without specific explanation and proof is meaningless and invalid. Defendants further have "possession, custody and control" of materials sought.
>
> Therefore, please produce those documents sought accordingly.

(2) Response to Request No.20: the document does not show the relationship between Interactive Group Limited (Labuan) and Interactive Group Limited (Hong Kong), and therefore the documents are incomplete. Please produce the full and complete copy of incorporation documents relating to Interactive Group Limited (Hong Kong).

This letter is intended to resolve defendants' noncompliance with discovery obligations in good faith. Please supplement defendants' answers to plaintiff's interrogatories and responses to plaintiff's document requests within seven (7) days. If I do not hear from you within seven (7) days, I will assume that parties have reached an impasse on these issues and will be forced to bring the issues to the Court's attention.

                                              Very truly yours,

                                              Kun Zhao