## MASSOOD & BRONSNICK, LLC

COUNSELLORS AT LAW

50 PACKANACK LAKE ROAD EAST
Wayne, New Jersey 07470-6663
(973) 696-1900
Fax (973) 696-4211

Email: ABRONSNICK@MASSOODLAW.COM

Reply to Wayne

JOSEPH A. MASSOOD
ANDREW R. BRONSNICK °*
_____

°Certified by the Supreme Court of
 New Jersey as a Civil Trial Attorney

*NJ, NY, DC and MD Bars
^ NJ and NY Bars
+ NJ, NY, DC and WA Bars

KEVIN J. SAVAGE +
BRENDAN H. MORRIS ^
ALLISON T. KURTZ
DANIELLE L. VERGA ^
KIMBERLY A. KOPP

PARALEGALS
ELIZABETH BABITSCH
DARA K. SIERRA

PASSAIC OFFICE
647 Main Ave, Suite 203
Passaic, NJ 07055
973-779-4200
973-777-7977-f

June 17, 2013

**<u>Via ECF</u>**
Honorable Renee Marie Bubb, USDJ
United States District Court
District of New Jersey
PO Box 2736
Camden, NJ 08101

        *Re:    Tsann Kuen (Zhangzhou) Enterprise Co., Ltd. v. Alan J. Sutton,
               Michael C. Yeung, Jessica Falasca, d/b/a "Interactive Group
               Limited"
               Civil Action No.: 12-cv-4471*

Dear Judge Bubb:

      This office represents Defendants in the above-referenced matter. Please accept this letter brief in lieu of a more formal brief in opposition to Plaintiff's Motion to Strike Defendants' Answer and to Enter Default upon Defendants.

      The transcript of the proceedings before the Honorable Ann Marie Donio were submitted to the Court and reflect the position of Defendants that they are not a proper party to this dispute. Defendants filed a motion to dismiss pursuant to Rule 12(b)(6), but same was withdrawn after the first status conference in this case. Defendants intend to file a dispositive motion at the conclusion of discovery in this case. Plaintiff has specifically admitted that it does not intend to name Interactive Group Limited (Labuan) ("Interactive") as a party to this case. See Transcript dated April 12, 2013, Page 36, line 19-25.

      Defendants have objected to various requests for documentation and information due to the fact, that Interactive is the proper party. Nonetheless, the Defendants conceded their ability to produce several documents under Rule 34 and have, in fact, done so. However, due to the location of the company in Hong Kong and its lack of continuous operations, production of documentation has been hampered and delayed. In addition, the individual Defendants work for other companies at the present time and are not all centrally located for purposes of communication. Any delay in Defendants' ability to produce discovery responses were not meant as an affront to the Court or Plaintiff. The

practical difficulty in coordinating the discovery has been extremely difficult, but has been accomplished to the best extent possible at the present time. In addition,

    The undersigned accepts full responsibility for the conduct of Defendants and submits to the Court that my clients should not be punished for any delay.  While I have made every effort to comply with the Court's Orders, the delays have been relatively minor and I have made a good faith effort to comply with same.

    Based upon the foregoing, we respectfully request that Plaintiff's Motion to Strike be denied.

    We thank Your Honor for your consideration of this matter.

    Respectfully,

    ANDREW BRONSNICK, ESQ.

cc: Kun Zhao, Esq. (Via ECF)